## HENSON *v.* BRIDGEMANS.

EVIDENCE.—*Competency of witness, Interest.*

1. A vendor of the land in dispute who conveyed without convenants of general warranty, is a competent witness.

CHANCERY PRACTICE, *Clerk and Master cannot decide questions of competency.*

2. It is not the province of the Clerk and Master to rule in regard to the

(1) But now by the act of 1870, ch. 78, sec. 1, no witness is incompetent by reason of interest.

competency of a witness nor will the Court reverse his decisions in that respect: they are a nullity.

MISTAKE IN CONVEYANCE OF LAND—*Relief in Equity denied when.*

3. Where on a sale of land the true boundary of the land was shown, but in drawing the deed, more was included by mistake, the vendee was not held entitled to any compensation in equity.

McKINNEY, J. :

In the chancery court a deposition was objected to and exceptions filed before the clerk and master on account of the deponent's interest. The clerk and master sustained the exception, and the adverse party appealed from his decision to the chancellor.

The record does not show any disposition of the question by the chancellor; but the clerk certifies the depositions as having been read on the trial.

The objection as to interest was that the deponent had been a vendor of the land in dispute; but the record does not show that he was a vendor with general warranty. This is not a good objection to the competency of the witness. (1)

The clerk and master is not the proper tribunal to decide questions of competency, and it is not necessary to revise or reverse his orders on that subject. They are a nullity.

Where on a sale of land the true boundary of the land was shown, but in drawing the deed more was included by mistake, the vendor will not be entitled to any compensation in equity.*

* NOTE. The record in this case not being accessible to me, I have been unable to make a statement of the case; and hence the precise nature of the transaction to which this last paragraph refers may not sufficiently appear. I have, however, thought this dictum of Judge McKinney worth preserving. And see Neal v. Allison, *Infra.*—RE-PORTER.

(1) As to incompetency by reason of interest, see Coll v. Haun, *Supra*, (1) *sub. fin.*