### PETROPOL v. JOHNSON.
### (MILLER, Adm'r, v. THOMPSON.)

No. 11587—Opinion Filed June 26, 1923.

**1. Judgment — Persons Concluded — "Privies."**

The general rule is that no one except the parties and their privies are bound by a judgment, and a party is not a privy to a judgment involving property or a right, unless he acquires his interest from some of the parties to the suit, either after suit is brought in which the title or right is involved, or after judgment is rendered.

**2. Receivers—Title to Property—Power to Lease.**

A receiver holds property coming into his hands by the same right and title as the person or persons for whose property he is receiver, and where the title of such property is vested in parties not impleaded in the action in which the receiver is appointed, the court is without power to bind such parties by a lease made by the receiver involving such property.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error From District Court, Creek County; Mark L. Bozarth, Judge.

Action by H. H. Johnson, intervener, against George Petropol, respondent, to cancel a lease. Judgment for intervener, and respondent brings error.. Affirmed.

R. K. Robertson, for plaintiff in error.

Thrift & Davenport, for defendant in error.

Opinion by FOSTER, C. This appeal involves the validity of a lease covering the west storeroom of a certain brick building located on the east 50 feet of lot 1, block 47, in the city of Sapulpa, Creek county, Okla., executed by a receiver on the 26th day of November, 1918, to the plaintiff in error, George Petropol, for the term of five years thereafter. This property, together with other parcels of real estate in the city of Sapulpa, originally belonged to one Thomas Wills, now deceased.

On the 18th day of May, 1911 the said Thomas Wills, being then the owner of said property, executed a deed thereto, together with other parcels of real estate in the city of Sapulpa to one W. A. Shown, as trustee, for the use and benefit of his grand children, Thomas Wills, Grayson Wills, and Theodore Wills, as beneficiaries. This deed appears to have been filed for record in the office of the register of deeds of Creek county, Okla., on the 28th day of November, 1913, and recorded in book 94, at page 201.

Thereafter on September 9, 1912, the said Thomas Wills executed a deed of conveyance to R. B. Thompson purporting to convey to the said Thompson the property involved in this appeal and which had theretofore been conveyed to the said W. A. Shown as trustee.

Thereafter Thompson brought suit against C. W. Wills (a son of Thomas Wills), individually, and C. W. Wills, as guardian of Thomas Wills (for whom the former had been appointed guardian on account of the great age and failing mentality of the latter), without joining W. A. Shown, trustee, as a party defendant in said suit, alleging that defendants were interfering with plaintiff's tenants, and asking an injunction.

The defendants therein filed a cross-petition alleging that the deed under which Thompson claimed title was obtained by fraud, and asking a cancellation thereof. Thompson, by leave of court, dismissed his original petition and the matter came on for hearing in the district court of Creek county, Okla., upon the cross-petition of the defendants, C. W. Wills and Thomas Wills, and the answer of Thompson to said cross-petition, in which answer Thompson alleged that the deed to him from Wills was given in satisfaction of a mortgage executed September 20, 1919, which he held upon several pieces of property.

During the pendency of the action a receiver was appointed to collect the rents and profits. Upon a trial of the cause, the court held in favor of Thompson, declaring the deed valid and discharging the receiver. Sometime thereafter Thomas Wills died, and the cause was revived in the name of H. C. Miller, his administrator, who prosecuted an appeal to the Supreme Court of Oklahoma, where the judgment of the district court was reversed, this court holding that the deed from Wills to Thompson was invalid and that the title to the real estate should be quieted in the heirs of Wills when there had been an accounting to Thompson for any amount the district court, on remand, should find due him under his mortgage, and ordered the receiver reinstated to collect rents and profits, pending final determination. See Miller v. Thompson, 69 Oklahoma, 171 Pac. 850.

Pursuant to the order of the Supreme Court in Miller v. Thompson, supra, reinstating the receiver, the district court of Creek county, on the 19th day of August, 1918, entered an order permitting the receiver to issue receiver's **certificates to** raise funds for the purpose of making certain repairs on the building in controversy, at which time the defendant in error, H. H. Johnson, appeared specially by his attorneys for the purpose of objecting to the making of said order, alleging that he was the owner of said property as against all of the parties to the cause, and requesting the court to permit him to file a petition of intervention. The court permitted said Johnson to orally note his objections to the order, but declined to permit a hearing upon his application to interfere further than to note his objection orally, on the ground that he was not a party to the cause, but gave the defendant in error leave to file an application to intervene in writing at a later date, same to be heard upon notice to all of the parties to the cause.

On the 6th day of September, 1919, defendant in error filed his application to intervene in which he set forth his title and asked that the same be treated as a petition in intervention. On February 26, 1919, the application to intervene was allowed, and the parties to the original action required to plead thereto on or before the 18th day of March, 1919.

On the 26th day of November, 1918, subsequent to the filing of the defendant in error's application to intervene, but prior to his being admitted as a party, the district court of Creek county approved a lease by

the receiver to the plaintiff in error for a period of five years thereafter.

On the 15th day of June, 1918, W. A. Shown, as trustee, conveyed the property in controversy to the defendant in error, and on the same day quitclaim deeds were taken by the defendant in error from Shown's beneficiaries, Thomas Wills and Grayson Wills, Theodore Wills being yet a minor.

Thereafter on the 17th day of December, 1919, defendant in error acquired whatever title R. B. Thompson had to the property in controversy by virtue of a quitclaim deed of that date.

Upon the death of Thomas Wills, he left surviving a son, C. W. Wills, father of Shown's beneficiaries, Thomas Wills, Grayson Wills, and Theodore Wills, who was still living on the date the several deeds above referred to were executed to the defendant in error. Neither W. A. Shown, trustee, nor his beneficiaries, Thomas Wills, Grayson Wills, and Theodore Wills, Johnson's grantors, were impleaded in the original case of Miller v. Thompson, supra.

On December 16th, 1919, the cause came on to be heard upon the issues between the parties to the original cause (Miller v. Thompson, supra), as remanded, the cross-petition of defendant in error Johnson, at which time all matters at issue were finally determined.

The court found that the lien of Thompson's mortgage did not operate upon the property involved in this appeal, that the same belonged to defendant in error, Herbert H. Johnson, in fee simple; that he was entitled to the immediate possession thereof; quieting his title as against R. B. Thompson, and the estate of Thomas Wills, deceased; discharging the receiver Ed. L. Hill, and requiring plaintiff in error to appear and show cause why the court's order of November 26, 1918, approving a lease to him by the receiver should not be vacated, set aside, and held for naught and his possession thereto surrendered to the defendant in error. To this judgment there was no exceptions taken by any of the parties or their privies, nor was there any appeal taken.

To this order plaintiff in error filed a response in which he pleaded his lease, the order confirming the same, that he had expended large sums of money on said building, had paid $2,500 in rent and that if he should be ousted, he would be damaged in the sum of $10,000, and praying the court to refuse to set aside and cancel his lease.

The matter came on for hearing in the district court of Creek county, Okla., on the 3rd day of February, 1920, upon the response of the plaintiff in error to the judgment of the court entered on the 16th day of December, 1919, the motion of defendant in error for judgment against plaintiff in error, notwithstanding said response, it being alleged in said motion that no facts were pleaded in the response sufficient to justify the court in refusing to cancel the lease.

The evidence introduced at the trial upon the response and motion, consisted of the opinion in the case of Miller v. Thompson, 69 Oklahoma, 171 Pac. 850, quitclaim deed from R. B. Thompson to defendant in error, quitclaim deed from Thomas Wills and Grayson Wills to defendant in error, trustee's deed from W. A. Shown, trustee, to defendant in error, deed of Thomas Wills to W. A. Shown, as trustee, dated May 18, 1911, all covering the property in controversy, the filing date of the original petition in the case of Miller v. Thompson, supra, the testimony of Ed. L. Hill, receiver, showing when he was reinstated as receiver by the Supreme Court, and the date he relinquished supervision of the property in controversy.

The trial court thereupon entered judgment in favor of the defendant in error declaring the lease executed by the receiver to the plaintiff in error null and void, cancelling and holding same for naught and requiring plaintiff in error to surrender possession thereof to defendant in error, H. H. Johnson.

From this judgment plaintiff in error prosecutes an appeal to this court, and assigns error as follows:

"(1) That the said court erred in sustaining the motion of H. H. Johnson and H. C. Miller holding the lease of the said George Petropol void, and holding that the court was without jurisdiction or authority to entertain said response, and that the receiver was without authority to execute the lease held by the said George Petropol.

"(2) That said court erred in not overruling said motion made by the said H. H. Johnson and H. C. Miller.

"(3) That said court erred in rendering judgment for the said H. H. Johnson and H. C. Miller as against the respondent, George Petropol.

"(4) That said court erred in dismissing the response of the said George Petropol.

"(5) That the said court erred in not proceeding to trial and hearing upon the response of the said George Petropol."

The only question presented by these assignments of error is: Did the court below, under the facts as disclosed in the record, have jurisdiction of the property upon which the plaintiff in error was given a lease by the receiver, Ed. L. Hill?

Counsel for plaintiff in error in his argument apparently overlooks the controlling fact as disclosed by the record upon which the question of jurisdiction turns. He points out that by the reversal in the Supreme Court of the case of Miller v. Thompson, supra, the title to the real estate in controversy was quieted in the heirs of Thomas Wills, deceased, subject to control of the property by the receiver pending settlement with Thompson, and that at the time defendant in error acquired title to said property, it was still in the custody and control of the court, but he overlooks the fact that defendant in error did not acquire his title from the heirs of Thomas Wills, deceased, but from Shown, trustee, and his beneficiaries, neither of whom were parties in the original action.

No appeal was taken from the judgment rendered in Miller v. Thompson, supra, upon remand, quieting defendant in errors title, and we must assume that defendant in error has a good and valid title through conveyances made to him by parties not impleaded in Miller v. Thompson. It must be borne in mind that in so far as the judgment of the Supreme Court in Miller v. Thompson operated at all upon the property here in controversy, it purported to vest the title, not in Shown, trustee, or his beneficiaries, but in C. W. Wills, the living son of Thomas Wills, deceased, and the defendant in error is not claiming said property through any conveyance made to him by the said C. W. Wills.

It follows, therefore, that defendant in error acquired the title to the property in controversy not through conveyances from any of the parties to Miller v. Thompson, or any of their privies, but through conveyances by parties who were strangers to the record in that case, and in spite of the judgment therein rendered. On the other hand, plaintiff in error having acquired his lease from a receiver appointed by the court, representing the parties in Miller v. Thompson, none of whom ever had the title to the particular property here involved, his title must necessarily fall with that of the receiver. In the nature of things, he can have no better title than his receiver, and the receiver having lost title it follows that plaintiff in error loses the title also.

Shown, trustee, and his beneficiaries not being parties in the case of Miller v. Thompson, the court in that case was without pow-

er or jurisdiction to bind them by any judgment or order respecting any property owned by them, and defendant in error, having acquired his title from Shown and his beneficiaries, stepped in their shoes and held the property free and clear of the lease by the receiver.

It is a well-settled proposition of law that a judgment is not binding upon those not parties nor represented by parties to the suit nor in privity with the parties.

It is equally well settled that a receiver simply holds property coming into his hands by the same right and title as the person for whose property he is receiver.. Lawson v. Warren, 34 Okla. 94, 124 Pac. 46; Pardee v. Aldridge, 189 U. S. 429, 47 L. Ed. 883.

Counsel for plaintiff in error contends in his brief that on account of the provisions of section 1678, Comp. Stats. 1921, defendant in error is charged with notice, because it is a misdemeanor to purchase lands while the "subject of controversy by suit in any court, knowing the pendency of such suit."

We do not think that this statute has any application to the facts in this case. Here the defendant in error, Johnson, was the owner of the property and while he had notice, no doubt, of the pendency of the litigation in Miller v. Thompson, all of his efforts were employed in a bona fide attempt to protect his title and ownership to property which was being made the subject of controversy in a court not having jurisdiction over it.

The record shows that after purchasing the property, he intervened, upon invitation by the court, for the purpose of setting up and establishing his title, and afterwards, upon a hearing, his ownership was judicially determined as a matter of record to which no objections were taken by any of the parties on the ground that he had acquired title during the pendency of a suit involving the same property.

There being no question raised by any of the parties in Miller v. Thompson of any defect in defendant in error's title, because acquired during the pendency of a suit involving such title at the hearing of his petition in intervention, we think the objection comes too late at this time, and that the same is not well taken. We are therefore of the opinion that the court was without jurisdiction of the property upon which the plaintiff in error was given a lease by the receiver, and that he committed no error in cancelling the same and requiring plaintiff to surrender possession thereof to H. H. Johnson, defendant in error.

The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.