## FLYNN et al. v. LOWRANCE et al.

No. 15124—Opinion Filed Dec. 16, 1924.

Rehearing Denied May 26, 1925.

1. **Mortgages—Receivership in Foreclosure —Rights and Liabilities of Tenant.**

A receiver appointed in a foreclosure proceeding to take possession of the mortgaged property and collect rents and profits during the pendency of the suit cannot disturb the possession of a tenant of the mortgagor, but the court may require the tenant to pay the rents to the receiver.

2. **Receivers—Rights and Title of Receiver.**

A receiver holds the property coming into his hands by the same right and title as the person for whose property he is receiver, subject to liens, priorities, and equities existing at the time of his appointment.

3. **Same — Mortgage Foreclosure — Erroneous Dispossession of Tenants.**

In this case the plaintiff and defendant, who are the mortgagors, and mortgagee, after the commencement of the suit and before the appointment of a receiver, entered into a lease contract with two parties whereby they leased the premises for a term of five years, and after a receiver was appointed to take possession of and collect the rents and profits from said property he demanded possession of the property from the tenants, and upon their refusal to surrender possession he instituted contempt proceedings, and the court made an order directing the sheriff to put the tenants out of possession and put the receiver in possession. Held, that the court exceeded its powers in so doing, and for such error the case will be reversed.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Henry Lowrance and R. R. Moten, trustee of the estate of Bessie Clayton Thompson, against James Dennis Flynn, Edna B. Flynn, Mrs. W. E. Arthur, G. E. Shilkett, and G. A. Veteto. Judgment for plaintiffs, and defendants appeal. Reversed.

On the 6th day of June, 1923, Henry Lowrance, R. R. Moten, and W. H. Walcott, trustees for the estate of Bessie Clayton Thompson, and Bessie Clayton Thompson commenced an action against James Dennis Flynn, Edna B. Flynn, Mrs. W. E. Arthur, G. E. Shilkett, and C. A. Veteto to foreclose a mortgage on lot No. 12, and the north 5 feet of lot No. 13 in block 47 in the city of Sapulpa. The petition in said foreclosure proceedings alleged, among other things, that G. E. Shilkett and C. A. Veteto claim-

ed some right, title, or interest in the property described, but alleged that whatever right they had was inferior and junior to the right of the plaintiffs. It appears that at the time of the filing of said petition in foreclosure, and a long time prior thereto, the assignor G. E. Shilkett and C. A. Veteto had been in possession of the building on said premises and using it as a moving picture show; that after the filing of said suit, to wit, on July 28, 1923, James Dennis Flynn, the mortgagor and defendant in said foreclosure proceeding, joined by the plaintiffs, Henry Lowrance, W. H. Walcott, and R. R. Moten, trustees of the estate of Bessie Clayton Thompson, and known as the mortgagee, entered into a lease with Mrs. W. E. Arthur, whereby they leased the premises described in said mortgage to Mrs. W. E. Arthur for the term of 5 years commencing August 1, 1923, and ending August 1, 1928, and that on or about the 12th day of December, 1923, Mrs. W. E. Arthur assigned said lease to Dola Veteto and Beulah Shilkett, and put said assignees in possession of said premises, and that Flynn, the mortgagor, gave his consent in writing to said assignment, and said assignment was on the 14th day of December, 1923, duly filed and recorded in book 272 at page 402 of the records in the office of the county clerk of Creek county, and that thereafter, on the 3rd day of January, upon application of the plaintiff, H. C. Hughes was appointed receiver of the above described property and ordered to have possession and charge of said property, collect the rents and profits therefrom, and make contracts with reference to same, subject to the approval of the court; that said H. C. Hughes qualified as a receiver, and on the 19th day of January, 1924, he filed in said cause an application to the court for an order requiring the defendant, C. A. Veteto, to show cause why he had not delivered possession to the receiver, and why he should not be punished for contempt for a failure to comply with the order and judgment of the court, and thereafter, to wit, on January 26, Dola Veteto and Beulah Shilkett after leave of court had and obtained, filed their petition of intervention in said cause, wherein they alleged that they held the said premises under a good, valid, and subsisting lease upon the premises involved in this section, to wit, lot 12 and the north 5 feet of lot 13. block 47, city of Sapulpa, and were in the open and exclusive possession of said premises under said lease, and that their title was superior and paramount to any title the plaintiffs might have to said premises. They then set up the lease that was

executed by both plaintiff and defendant to Mr. W. E. Arthur, and attached a copy of said lease to their petition of intervention. Said lease purports to have been made on the 28th day of July, 1923, between James Dennis Flynn, known as the lessor, and Mrs. W. E. Arthur, as the lessee, and Henry Lowrance, W. H. Walcott, and R. R. Moten, trustees of the estate of Bessie Clayton Thompson, known as the mortgagee. The lease then sets out that it is for a term of five years from the 1st day of August, 1923, to the 1st day of August, 1928, and sets out the terms of said lease for the full 5 years as $14,100. to be paid $200 per month on the 1st day of August, 1923, and on the 1st day of each month thereafter up to the first day of January, 1924, and $300 on the 1st day of each and every month thereafter until the sum of $14,100 was paid, and that on the 12th day of December, 1923, the said Mrs. W. E. Arthur for a valuable consideration executed and delivered to the interveners an assignment of said lease, and placed them in possession of said premises, and prayed that the title and lease upon said premises be quieted against any claim or demand of the plaintiffs or of the defendant in this cause, and that upon a final hearing the lease of these interveners be decreed to be superior and paramount to any lien of the plaintiff or defendants, and on the 28th day of January, 1924, said petition of intervention was summarily heard by the court, and the court entered its decree and order, wherein it directed and authorized the sheriff of Creek county to immediately place said receiver, H. C. Hughes, in possession of said property, and authorized said receiver to hold such property in accordance with the order heretofore made appointing him receiver in said cause, and adjudged the interveners, Dola Veteto and Beulah Shilkett, to be in contempt of court, to all of which findings, rulings, and judgment of the court the intervener duly excepted and gave notice of appeal from said order to the Supreme Court, which said notice was entered on the trial docket, and upon request of the interveners to be allowed to file a supersedeas bond in said cause. The court denied their request and refused to permit them to supersede said judgment and the order of the court, to which the interveners excepted. The interveners then filed a motion asking for an order staying execution of the order directing the sheriff to place the receiver in possession for 10 days, so that the interveners might have an opportunity to apply to the Supreme Court for a supersedeas, which motion was allowed and execution of the order stayed for 10 days. The interveners prepared, served, and had settled and signed the case-made, duly certified and filed the same, with petition in error attached in this court on February 15, 1924, and the cause is now before this court for review.

George H. Jennings and Thompson & Smith, for plaintiffs in error.

S. S. Lawrence and Hughes, Foster & Ellinghausen, for defendants in error.

Opinion by MAXEY, C. The question involved in this appeal is whether the court had a right to dispossess the interveners, Dola Veteto and Beulah Shilkett, who held a lease executed by the mortgagor and the mortgagee on the 28th day of July, 1923, to Mrs. W. E. Arthur, and by her assigned to the interveners, with the consent of the mortgagor, and who had been in possession of the property under a prior lease and running it as a moving picture show. It appears that in the order appointing H. C. Hughes receiver it directed Hughes to take possession of the property. He construed that to mean that he must take physical possession of it and oust the interveners, and the court seemed to have the same idea. When Hughes, the receiver, went to the interveners, Veteto and Shilkett, they told him they held it under a lease for five years from the 1st day of August, 1923, to the 1st day of August, 1928, and said they had no objection to paying the rent to the receiver, but he was not satisfied with this and insisted on them moving out and giving him possession. This they declined to do, and he reported the fact to the court, and asked they be attached for contempt of court. They were not parties to the suit up to this time, but they appeared in response to the notice to show cause and asked leave to intervene, which was granted, and they filed their petition of intervention and set up their lease showing that same was executed by both the plaintiff and defendant in the pending suit. It will be remembered that this suit was brought on the 6th day of June, 1923, and the lease was entered into on the 28th day of July, 1923, and the receiver was not appointed until January 4, 1924. The mortgage that was sought to be foreclosed was an ordinary short form mortgage, with appraisement waived and without any of the provisions for appointment of receiver and taking possession in case default was made and the taxes and interest not kept up, and under our statute the mortgaged property cannot be sold until six months after the decree of foreclosure, and possession cannot be disturbed until after

sale. We find nothing in our statute governing the disposition of the property in litigation except sections 518 and 523, Comp. Stat. 1921. Section 518 provides when a receiver may be appointed, and section 523 provides:

"When it is admitted, by the pleading or oral examination of a party, that he has in his possession or under his control any money or other thing capable of delivery, which, being the subject of litigation, is held by him as trustee for another party, or which belongs or is due to another party, the court may order the same to be deposited in court or delivered to such party, with or without security, subject to the further direction of the court."

There is no question made by the interveners, plaintiffs in error herein, about the court's right to appoint a receiver. They are not concerned about that matter so long as they are not disturbed in their possession under their lease. They expressed a willingness to attorn to the receiver, but insisted on holding possession under their lease. Under the provisions of the mortgage and our statute, we are left largely to the general law governing receiverships. Smith on Receivers (2nd Ed.) vol. 1. page 580, sec. 248, provides:

"A person in possession of real property cannot be disturbed in his possession unless he is made party to the action or proceeding. If the person in possession of mortgaged property is a tenant of the mortgagor he can not be disturbed in his possession by a receivership created on foreclosure unless he is made a party and then he may simply be ordered to attorn to the receiver unless it is made to appear that his continued possession is liable to be detrimental to the property as security for the debt."

This is undoubtedly the general law governing receivers. and it appears that this court has had this question before it in a number of cases, among which is Ardmore National Bank v. Briggs Machinery & Supply Company, 20 Okla. 427, 94 Pac. 533; Lawson v. Warren, 34 Okla. 94, 124 Pac. 46; St. Louis & S. F. Ry. Co. v. Ravia Granite Ballast Company, 70 Okla. 273, 174 Pac. 252. In the case of Ardmore National Bank v. Briggs Machinery & Supply Company, above cited, the second paragraph of the syllabus of the opinion is as follows:

"The receiver's title and right to possession of the property of an insolvent, non-going corporation vests from the date of the original order for the appointment, although the proceedings may not be perfected until a later date. The receiver's title and right to possession during the interval between such original order and the time of perfecting his appointment are superior to those of a judgment creditor who levies upon the property under his judgment during such interval."

In the case of Lawson v. Warren, the second paragraph of the syllabus is as follows:

"A receiver holds the property coming into his hands by the same right and title as the person for whose property he is receiver, subject to liens, priorities, and equities existing at the time of his appointment."

And the case of St. Louis & S. F. Ry. Co. v. Ravia Granite Ballast Company is to the same effect. We also find the case of Miller et al. v. Superior Court, 217 Pac. 817, a California case, the second and third paragraphs of the syllabus of which are as follows:

"Where a sheriff in replevin has taken possession of property, a receiver appointed over all the property of the replevin defendant, who is subsequent in time as to his right or claim, may not attack the sheriff's possession, nor can the court do so by contempt proceedings in the receivership case, but can only authorize the receiver to sue for the possession.

"Where a sheriff in replevin has taken possession of property, a mere showing that a receiver appointed over all the property of the replevin defendant was in fact appointed before the sheriff took possession would not entitle him to possession, where he did not take possession until after the sheriff had acted."

These citations show that when the property or any part thereof over which the receiver is appointed is in the possession of a person not a party to the suit, or having what he claims to be a prior and superior lien, he cannot be dispossessed by the receiver, but upon proper showing can be required to attorn to the receiver during the pendency of the suit. Nowhere have we been able to find where a receiver with the aid of the court could by a contempt proceeding dispossess the party in possession and who is not a party to the suit, but the receiver's remedy to get possession is to apply to the court for an order authorizing him to bring suit for the possession. Certainly where a party, as in this case, is in possession of the property under a lease executed by the plaintiff and defendant in the foreclosure proceeding, such party is entitled to hold possession, and the receiver is entitled to collect the rents pending the litigation, and the court can compel the party in possession to attorn to the receiver, but he can not be dispossessed in a contempt proceeding. The court below seems to have mis-

apprehended the scope of a receiver's authority. The interveners who were in possession of this property had been in possession of it for quite a while prior to this litigation, and had built up a business that was evidently satisfactory, and when they applied to the mortgagor and the mortgagee for renewal of their lease, they did not hesitate to renew the lease for a term of 5 years. This lease provided for a rental of $14,100 for the five year term, payable $200 a month for a part of the time and $300 per month for the remainder of the time until the $14,100 was paid. There seems to be no contention but what this lease was executed a short time after this foreclosure proceeding was commenced, and the parties were in the possession, and were in possession in January, 1924, when the receiver was appointed. Counsel for defendant in error takes the position that this lease having been executed after the filing of the original suit, that the doctrine of lis pendens applies, and cite a great many authorities in support of this proposition, but that proposition is not in this case. It is true that the suit was commenced on the 6th day of June and the lease was not made until the 28th day of July following, and the receiver was not appointed until January 4, 1924. Thus it will be seen that although the suit had been filed at the time the lease was executed, we can see no reason why the mortgagor and the mortgagee, who were the parties most interested, could not have made a valid lease at the time this lease was made, and it would not be subject to the doctrine of lis pendens. Defendants in error further contend that the order appointing a receiver to take and keep possession of the property pending litigation is not appealable. This is not an appeal from the order appointing a receiver, and no question is made by plaintiffs in error as to the right of the court to appoint a receiver. The question here is, conceding that the receiver was properly appointed, has he the right to break up their business, turn them out of doors when they held a good and valid lease from the plaintiff and defendant in this suit? It is the order dispossessing them that they are complaining of, and not the appointment of the receiver. So far as these interveners are concerned, they appear to be willing to attorn to the receiver, if they are left in possession, and that is all that they can be required to do. It was error for the court to have directed the sheriff to dispossess the plaintiff in error (interveners) and put the receiver in the physical possession of the property. While the court is allowed a wide

discretion in receivership matters, it is not allowed to use its power in an oppressive and illegal manner. We think the court went far beyond its powers in this case, and that the judgment of the trial court should be reversed, with direction to set aside the order directing the sheriff to dispossess the interveners, and holding the interveners guilty of contempt. No further attempt should be made to disturb the possession of the interveners, but that the interveners be required to pay the rents to the receiver pending this litigation.

By the Court: It is so ordered.