## PETERS v. PLAINS PETROLEUM CO. et al.
### No. 201.

Circuit Court of Appeals, Tenth Circuit.

Sept. 2, 1930.

T. J. Leahy, of Pawhuska, Okl., J. H. Maxey, of Tulsa, Okl., C. S. Macdonald, of Pawhuska, Okl., and Charles A. Holden, of Tulsa, Okl., for appellant.

Conrad E. Cooper, of Tulsa, Okl., for appellees.

Before LEWIS, PHILLIPS, and MCDERMOTT, Circuit Judges.

LEWIS, Circuit Judge.

Peters, a resident and citizen of Oklahoma, brought this suit in the state court against Plains Petroleum Company, a Delaware corporation, and Gilbert and Glass, as its ancillary receivers, to recover $3,657.78 on an alleged oral contract with the receivers. Gilbert was a citizen and resident of Oklahoma, and it is assigned as error that the court overruled appellant's motion to remand after removal to the federal court by the Plains Company on the ground of a separable controversy. Appellant's petition disclosed that claimed liability of the corporation was bottomed on the allegation that the sum sued for was an operating expense of the receivers, that the corporation's property had been turned back to it enhanced in value pursuant to court order and that the receivers had been released on their bond and discharged. Texas & Pacific Ry. Co. v. Bloom, 164 U. S. 636, 17 S. Ct. 216, 41 L. Ed. 580. But these allegations, we think, made a separable controversy. On the facts stated additional and different proof would be required to make a case against the corporation. Moreover, the complaint showed the re-

ceivers were not liable. Discharge put an end to their liability. In McNulta v. Lochridge, 141 U. S. 327, 12 S. Ct. 11, 13, 35 L. Ed. 796, the court said:

"Actions against the receiver are in law actions against the receivership or the funds in the hands of the receiver, and his contracts, misfeasances, negligences, and liabilities are official, and not personal, and judgments against him as receiver are payable only from the funds in his hands."

■ See, also, Hanlon v. Smith (C. C.) 175 F. 192, and Smith v. Jones L. & M. Co. (D. C.) 200 F. 647. And when it affirmatively appears from the complaint that one joined as a defendant is not liable he should be disregarded in testing the right of the other defendant to remove the cause. Cella v. Brown (C. C. A.) 144 F. 742.

■ Error is also assigned that the court sustained the motion of appellees for judgment in their favor on the pleadings. Primary receivership was in the United States District Court for the Southern District of New York. That court, on October 4, 1924, appointed Julius M. Mayer and Joseph P. Tumulty receivers of Middle States Oil Corporation, Western States Oil Corporation, Corona Oil Company, Plains Petroleum Company, and Turman Oil Company. These corporations, particularly the two first named, appear to have owned or controlled other oil companies, called subsidiaries, and some of them and those named owned or were otherwise interested in oil leases in Oklahoma, which caused the appointment of ancillary receivers. Gilbert and Glass were appointed in that capacity for thirteen companies, including the Plains Petroleum Company. The companies were so inter-related in different ways, in stock ownership, indebtedness to each other and to third parties, that receiverships seemed advisable as a means to straighten out their affairs. Appellant Peters personally, Plains Petroleum Company and others were jointly interested in oil leases on two quarter sections in Osage county, Oklahoma. Prior to the receivership Peters had charge of the operation of those leases in behalf of the owners, and he would bill to each owner monthly his proportionate share of the cost of operation. He alleges that the ancillary receivers, Gilbert and Glass, took possession of those leases when they were appointed, but that they arranged with him to continue in charge of operations, and he avers that the two ancillary receivers refused and failed to pay him their proportionate part of the expenses of operation from September 30, 1924, down to May 1, 1925, that the amount due him on that account is the sum for which he sues the Plains Petroleum Company and the two ancillary receivers. Mr. Glass is a resident of New York, was not served and did not appear. The other two defendants answered, pleaded a settlement and denied liability. The plaintiff replied, and as a part thereof brought upon the record a contract between Mayer and Tumulty as receivers and himself, which was executed in October, 1925, and which he alleges was approved on the part of the receivers by the District Court for the Southern District of New York. It is a compromise and settlement of the indebtedness of Peters to some of the oil corporations and their subsidiaries represented by the receivers, and of the indebtedness of those corporations to Peters, and other controversies between them about the ownership of stock in the corporations. The receivers were named as parties of the first part and Peters as party of the second part in the contract. The receivers executed that contract in behalf of Plains Petroleum Company and other companies for which they had been appointed. After reciting claims of the respective parties the contract provides thus:

"Whereas, all of the aforementioned claims, rights and interests are in controversy and dispute;

"Now, therefore, in consideration of the premises and the mutual covenants hereinafter set forth and for the purpose of adjusting any and all claims, differences and disputes and accounts between the parties hereto and the corporations represented by the parties of the first part * * * it is mutually agreed by and between the parties hereto as follows:

"First: The parties of the first part agree to release the party of the second part from his guaranty of the said three demand promissory notes each for the sum of $75,000 and each bearing date April 21, 1924, made to the order of the Middle States Oil Corporation, by the Peters Petroleum Corporation, together with all claim for the principal amount thereof and interest thereon to the date hereof, and release said party of the second part generally from any and all other claims. * * *

"Third: The party of the second part agrees to release, transfer or assign to the parties of the first part or their nominees any and all claims which the said party of the second part has or may have against the said Middle States Oil Corporation and/or Western States Oil Corporation and/or any of

said corporations, subsidiaries, a list of which claims is hereto annexed and made part hereof. The inclusion of the specific claims therein listed is not to be deemed to exclude any other claims which they may have, it being the intention of this agreement to transfer, assign or release all claims held by the aforementioned party of the second part."

Pursuant to this contract releases were mutually executed, the one given in behalf of the Plains Petroleum Corporation being attached to the reply as an exhibit. It includes any and all claims which Plains Petroleum Corporation and its receivers have or may have against Peters. He did not attach a copy of his release to Plains Petroleum Corporation, but in his reply he undertook to qualify the broad terms of the agreement by alleging that it was intended to only release and extinguish all claims which had originated or accrued prior to September 5, 1924. It is observed that the claim sued on accrued after that date. Appellant thus puts himself in the position of contending that he has a right to change the contract in a material respect, in order to sustain his case and recover; which obviously on settled principles he may not be permitted to do.

Judgment affirmed.