. ECKLES et al. v. BUSEY, Rec.

No. 30779. Dec. 22, 1941.

*132 P. 2d 344.*

Orr & Woodford and Harold Skinner, all of Holdenville, for plaintiffs in error.

C. H. Baskin, of Holdenville, for plaintiff in error T. S. Adams.

George W. Oliphant and W. C. Hall, both of Holdenville, for defendant in error.

OSBORN, J. This action was instituted in the district court of Hughes county by Clyde Busey, receiver, hereinafter referred to as plaintiff, against G. C. Eaton, George R. Eckles, and T. S. Adams. Plaintiff sought recovery upon a receiver's bond theretofore executed by Eaton as principal and Eckles and Adams as sureties. Defendant Eaton made no appearance in the action and default judgment was entered against him. Issues were joined between plaintiff and defendants Eckles and Adams, a jury was waived, the cause was tried to the court, and a judgment was entered in favor of plaintiff, from which the defendants Eckles and Adams have appealed.

It is shown that on April 20, 1934, there was a cause pending in the district court of Hughes county numbered 9042, styled J. A. Roberts, Plaintiff, versus J. A. Pringle and John W. Marshall, Copartners, Defendants. On said date defendant Eaton was appointed receiver of certain properties of the defendants in that action and was instructed to sell said properties to satisfy a judgment

indebtedness. It was further ordered that he execute a bond in the sum of $2,000 conditioned as provided by law.

The bond was duly prepared, executed, and filed bearing the signatures of defendant Eaton as principal and defendants Eckles and Adams as sureties.

On April 1, 1938, an order was entered in cause No. 9042 surcharging the receiver with the sum of $2,191.55. The plaintiff herein had previously been appointed receiver, supplanting defendant Eaton in that capacity. On February 16, 1939, the court directed plaintiff to institute an action against defendant Eaton and the sureties upon his bond for recovery of the sum of $2,000, the amount of the bond. Plaintiff instituted said action on November 21, 1939.

12 O. S. 1941 § 1553, is as follows:

"Before entering upon his duties, the receiver must be sworn to perform them faithfully, and with one or more sureties, approved by the court or judge; execute an undertaking to such person and in such sum as the court or judge shall direct, to the effect that he will faithfully discharge the duties of receiver in the action, and obey the orders of the court therein."

The condition of the bond in the instant case is as follows:

"Now, therefore, the condition of this obligation is such that if the said G. C. Eaton shall faithfully discharge the duties of his trust as such receiver, and otherwise perform the duties of his office in all things according to the true intent and meaning of said order and obey the orders of the court, then this obligation shall be void; otherwise, to be in full force and effect."

Defendants, as sureties on the bond, entered separate defenses. Defendant Adams contends that he did not sign the bond and that his signature thereon was a forgery. The evidence on this point was conflicting. In support of his own testimony defendant offered the testimony of expert witnesses to the effect that in their respective opinions the signature on the bond was not genuine. Plaintiff submitted the evidence of a notary public who qualified both of the sureties upon the bond. The original bond was presented in evidence as well as a number of other documents and papers bearing signatures of defendant Adams on which the signatures were admittedly genuine. The last-named papers were admitted for the sole purpose of comparing the admittedly genuine signatures with the questioned signature upon the bond. All of said papers were incorporated in the case-made, and have been examined by us. It is generally recognized that "proof of the genuineness of the writing or signature may be made by a comparison with other writings of the same person which are either admitted or proved to be genuine specimens and which are submitted to the court and jury to enable them to determine the question by their own observation and judgment." 20 Am. Jur., Evidence, para. 742, p. 618. The finding of the trial court that the signature was not forged is sustained by competent evidence.

Defendant Eckles contends that his signature to the bond was obtained upon the condition that defendant Adams would also sign the same as surety, and since the signature of Adams was forged, the condition had not been fulfilled, therefore he was not liable. This contention is foreclosed by the finding that the signature of Adams is genuine and was not forged.

Defendant Eckles further contends that he was released from the obligation of the bond by a change in the suretyship contract made with the consent of the creditors or beneficiaries of the bond but without the consent of the sureties. Said defendant contends that the suretyship contract consists of the bond and the order appointing the receiver, in which order it was provided that the receiver should sell certain properties of the receivership and apply the proceeds of the sale to judgment indebtedness, but, by the consent of the parties to the suit, the sale was not made by the receiver but by the court. The rule is well recognized in this jurisdic-

tion that the liability of a surety is not to be extended beyond the terms of his contract and that any change or alteration in the obligation of the contract extinguishes the obligation of the surety and discharges him. Whale v. Rice, 173 Okla. 530, 49 P. 2d 737; Hughes v. Board of Com'rs of Oklahoma County, 50 Okla. 410, 150 P. 1029. Although said rule is well recognized, it is generally applicable to contracts between private parties. We are here concerned with a bond which guarantees the faithful performance of duties of an official nature in which the conditions are fixed by statute. In the last-cited case it was pointed out that the bond required by statute of an officer embraces the duty of faithfully accounting for and payment of all monies that come into the hands of such officer by virtue of his office, and that sureties are to be held liable for the failure to faithfully discharge such duty. This court is committed to the generally recognized view that a receiver is an officer of the court. Nichols v. Dexter, 52 Okla. 152, 152 P. 817; High on Receivership (4th Ed.) § 1. In the case of Aetna Casualty & Surety Co. v. Young, 107 Okla. 151, 231 P. 261, the court was concerned with the question of the liability of sureties upon the bond of an administratrix. It was pointed out that the administratrix was an officer of the court; that she disbursed the funds as an officer; that her duties were somewhat in the nature of ex-officio duties, and that the liability of the surety was fixed by the rule that sureties on an official bond are answerable for the acts of their principals while engaged in the performance of some duty imposed by law or for an omission to perform such duty.

The correctness of the previous order of the court surcharging the receiver is not challenged. Thus there is established the fact that the funds involved therein were received by the receiver by virtue of his office, and that his failure to account therefor constituted an omission to perform the duties of his office. For said omission, the sureties upon the bond are liable.

The rule contended for by defendant Eckles is inapplicable in the instant case.

Other propositions presented and argued in the briefs have been examined and are without substantial merit.

The judgment is affirmed.

WELCH, C. J., and BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. CORN, V. C. J., and RILEY and ARNOLD, JJ., absent.