Patricia Kathleen HOUGH, Appellee,

v.

George F. HOUGH, Jr., Appellant.

No. 67332.

Supreme Court of Oklahoma.

April 25, 1989.

Lewis B. Ambler, Bartlesville, for appellee.

William J. Dale, Bartlesville, for appellant.

HODGES, Justice.

Certiorari is granted to review an unpublished decision of the Court of Appeals, Tulsa Division, which overturned a portion of a divorce decree entered by the District Court of Nowata County, John G. Lanning, Judge.

Judgment in this divorce case was entered on June 4, 1986. On July 17, 1986, defendant-appellant (husband) filed a Motion to Set Aside Divorce Decree, asking the trial court to set aside the judgment because it was "not in accordance with the Case laws of the State of Oklahoma and that the Defendants [sic] lawful rights have not been fully protected in this matter." The plaintiff-appellee (wife) moved to dismiss husband's motion for failure to set forth or allege any of the statutory grounds which allow a district court to vacate or modify its own judgments, *see* Okla.Stat. tit. 12, § 1031 (1981), and for not filing his motion within ten days after the verdict was rendered, *see id.* at § 653. The trial court sustained wife's motion and dismissed husband's Motion to Set Aside Divorce Decree. Husband appealed.

Although the appeal raised a strictly procedural question, the Court of Appeals, without a transcript of the trial court's decision, determined that the portion of the decree which awarded wife property owned by husband before marriage was void. The district court was ordered to confirm the husband's separate ownership of the property because nothing in the decree indicated "evidence of a legal modification of ownership wrought by the marriage or otherwise." This holding was erroneous.

A void judgment may be attacked at any time and may be vacated by either the trial or appellate court. For a judgment to be void "it must appear on the face of the judgment roll or record, that the court rendering the judgment lacked (1) jurisdiction over the parties, (2) jurisdiction over the subject matter, or (3) jurisdictional power to render the particular judgment rendered." *Scoufos v. Fuller*, 280 P.2d 720, 723 (Okla.1954). No extrinsic evidence of the lack of jurisdiction is permitted. *Id.*

The Court of appeals concluded the trial court exceeded its jurisdiction by failing to follow the statutory command that "[w]hen a divorce is granted, ... [t]he court shall enter its decree confirming in each spouse the property owned by him or her before marriage." Okla. stat. tit. 12, § 1278 (1981). This conclusion was based

on the fact that the divorce decree did not mention whether anything "occurred during the marriage to alter or divest [title in the husband]." The Court of Appeals assumed that because no mention was made in the decree, no evidence of legal modification was presented. This assumption cannot be verified without looking beyond the face of the judgment and examining the record of testimony at trial. The conclusion that the judgment was facially void was based on an unverified assumption. A lack of jurisdiction that would void the judgment is not apparent from facial examination of the divorce decree.

■■■ The Court of Appeals lacked power to alter the divorce decree because the appeal was untimely and was limited to a review of the trial court's response to husband's motion. The motion attacked the decision on its merits. An attack on the merits is an improper basis for vacation of a judgment. *Yery v. Yery*, 629 P.2d 357, 363 (Okla.1981). Nor can husband's motion be considered a motion for a new trial because it was not filed within ten days of the judgment. Okla.Stat. tit. 12, § 653. Because a motion for a new trial was not filed, husband had thirty days in which to file a petition in error. *Id.* at chap. 15, app. 2, Rule 1.15. This requirement of timely filing is jurisdictional, *Esker v. Kip's Big Boy, Inc.*, 632 P.2d 414, 416 (Okla.1981), and husband failed to satisfy it.

CERTIORARI GRANTED; COURT OF APPEALS' OPINION VACATED; APPLICATION FOR VACATION OF TRIAL COURT'S JUDGMENT DENIED.

HARGRAVE, C.J., OPALA, V.C.J., and LAVENDER, DOOLIN, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs in result.