Ronald NORMAN, Plaintiff–Appellant,

v.

TRISON DEVELOPMENT COR-
PORATION, a corporation,
Defendant–Appellee,

and

The Chateau Gardens Group, a California
limited partnership and Carl A. Becker,
Max L. Eberhardt, and Lynn Eber-
hardt, general partners of the Chateau
Gardens Group, a California limited
partnership, Defendants.

No. 71452.

Supreme Court of Oklahoma.

May 12, 1992.

Arthur S. Bay, Oklahoma City, for plaintiff-appellant.

W.D. Greenwood, Brently C. Olsson, Huckaby, Fleming, Frailey, Chaffin & Darrah, Oklahoma City, for defendant-appellee.

OPALA, Chief Justice.

The dispositive issue on certiorari is whether the absence of notice to an unknown or unascertainable tort plaintiff, who claims to have sustained an injury on property in receivership as a result of negligence in its maintenance, requires us in this case to condemn as facially void the order discharging the receiver and terminating the receivership. We answer in the negative, holding that the discharge and termination order is not subject to a collateral attack on grounds of facial infirmity for want of notice.

## THE ANATOMY OF LITIGATION

In a foreclosure suit the trial court appointed Trison Development Corporation [Trison] as receiver to manage the Chateau Gardens Apartments on May 23, 1986. The property was sold at a sheriff's sale on March 17, 1987 and the sale was confirmed March 31, 1987. The trial court discharged the receiver and terminated the receivership on May 13, 1987. Before the sale's confirmation, Ronald Norman [tort plaintiff or Norman], plaintiff, claims to have sustained injuries on March 23, 1987 when he fell down a stairway at the apartment complex. *The record is clear that Norman was unaware of the then pending receivership. Norman concedes in his appellate brief that the receiver did not know of his on-the-premises injury.*[1]

After Trison's discharge *qua* receiver, Norman brought an action against Trison and the apartment owners for harm occasioned by the receiver's alleged negligent maintenance of the stairs. Trison moved for summary judgment, arguing that: (1) Norman failed to state a claim upon which relief can be granted, because Trison had been discharged and the receivership terminated, thus putting an end to the receiver's liability *qua* receiver; (2) Trison was immune from suit *qua* receiver inasmuch as a receiver is an officer of the court who has no personal liability, and (3) as a court-appointed receiver, Trison was an instrumentality of the State of Oklahoma and thus fell within the protection of the Governmental Tort Claims Act.[2] Without revealing the grounds upon which its decision was based, the nisi prius judge gave summary judgment to Trison. The Court of Appeals reversed, holding that the order discharging the receiver and terminating the receivership was facially void for want of notice to the tort plaintiff.[3] The appellate court's conclusion seems to rest on its view that since (a) Trison *qua* receiver is called upon to respond in damages only in its official capacity, and (b) may not be personally liable, the lack of advance notice to Norman invalidates—as to him—the receivership's order of discharge and termination.[4] Trison sought certiorari.

1. *See* appellant's brief in chief, p. 8; appellee's answer brief, p. 4. *Admissions* in an appellate brief may *supplement* the appellate record. *Kwikset/Emhart v. Mayberry*, Okl., 800 P.2d 239, 240 n. 1 (1990); *Reeves v. Agee*, Okl., 769 P.2d 745, 754 (1989); *Womack v. City of Oklahoma City*, Okl., 726 P.2d 1178, 1181 n. 8 (1986).

2. 51 O.S.1991 §§ 151 et seq., 152(10).

3. The Court of Appeals adopted the rationale of *Miller v. Everest*, 212 N.W.2d 522 (Iowa 1973). *Miller* involved a tort claim against a discharged receiver. A tenant of a building in receivership had died of injuries sustained in a fall on ice in the building parking lot. The receiver was discharged before the executor brought suit. The trial court dismissed the action because the defendant, *qua* receiver, could not be sued after he had been discharged, and in his personal capacity he was not liable for passive negligence. The Iowa Supreme Court held that the discharge order was void as to the executor for want of notice. To hold a tort claimant barred under the circumstances of the case, the court reasoned, would "work injustice and cannot withstand close scrutiny...." *Id.* 212 N.W.2d at 524. The lower court's decision exonerating the receiver from personal liability was affirmed.

4. Although the receiver's individual liability was not explicitly raised by the amended petition, Trison argued in its summary judgment motion

## I

### SUMMARY JUDGMENT

Under our pleading regime,[5] if a defendant asserts by motion that the petition fails to state a claim upon which relief may be granted and tenders for consideration materials *dehors* the pleadings, summary judgment procedure must be utilized.[6]

In support of Trison's argument that no claim was maintainable against it *qua* receiver, because the trial court had terminated the receivership and discharged it as receiver, Trison appended to its motion for summary judgment copies of the (1) order appointing receiver, (2) order confirming sheriff's sale, and (3) order approving receiver's final report, discharge of receiver, release of surety, and termination of receivership. Norman responded that the receiver's discharge does not bar a tort claim for harm occasioned by negligence in maintaining the premises when notice of the application for discharge was neither given nor attempted to be made upon a party injured by a receiver's negligence.[7]

We hold the trial court did not err in giving summary judgment to the discharged receiver.[8] This is so because (a) Trison's official-capacity liability *qua* receiver ended upon its discharge and the receivership's termination (Part II) and (b) the discharge order *is not void on the face of the receivership proceedings* before us (Part III).

## II

### THE DISCHARGED RECEIVER'S LIABILITY *QUA* RECEIVER ENDED WITH ITS DISCHARGE AND THE RECEIVERSHIP'S TERMINATION

When property or a business is placed in receivership, the court takes possession of the assets through its court-appointed receiver. A receiver is an officer of the court[9] who holds property and funds coming into his hands by the same right and title as the person for whose title he is the receiver.[10] In his official capacity a receiver may incur liability for negligence in the performance of his duties which results in injury to invitees on the property;

---

that it was not personally liable. The Court of Appeals agreed, holding that the receiver was not answerable in its individual capacity for the harm occasioned by the receiver's alleged negligence in maintaining the apartment complex stairway. Because Norman did not seek certiorari, the issue of the receiver's personal liability is not before us today. A party seeking corrective relief from an adverse Court of Appeals' opinion, if unsuccessful on rehearing or if no rehearing is sought, must seek further review by certiorari in this court. *Teel v. Teel*, Okl., 766 P.2d 994, 997 n. 4 (1988); *Ford v. Ford*, Okl., 766 P.2d 950, 952 n. 1 (1988); *Johnson v. Wade*, Okl., 642 P.2d 255, 257 (1982). The only issues properly tendered for our review here are those presented in the petition for certiorari, which, in this case, addresses solely the discharged receiver's liability *qua* receiver.

5. The Oklahoma Pleading Code, 12 O.S.1991 §§ 2001 et seq.

6. The terms of 12 O.S.1991 § 2012(B) provide in pertinent part:
   " * * * If, on a motion asserting the defense numbered 6 of this subsection to dismiss for *failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court,* the motion shall be treated as *one for summary judgment* and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by the rules for summary judgment. * * *" (Emphasis added.)
   *See in this connection, Silver v. Slusher*, Okl., 770 P.2d 878, 881 n. 8 (1988).

7. Norman's response had appended to it a copy of the (1) docket pages in the foreclosure suit, (2) sheriff's return as to the time and manner of executing the order of sale, (3) affidavit of Ronald Norman, (4) motion to confirm sale, (5) motion for approval of final report and account, discharge of receiver, release of surety and termination of receivership, and (6) notice of motion for discharge of receiver, release of surety and termination of receivership to all parties and their counsel of record.

8. We need not, and do not, address here the issue of the owners' liability for the harm occasioned to the tort plaintiff.

9. *Eckles v. Busey*, 191 Okl. 644, 132 P.2d 344, 346 (1942); 1 CLARK, LAW OF RECEIVERS, § 11(a) at 13–14 (1959).

10. *Miller v. Thompson*, 91 Okl. 138, 216 P. 641, 644 (1923); *Flynn v. Lowrance*, 110 Okl. 150, 236 P. 594, 597 (1925).

any recovery due the tort plaintiff is payable out of receivership funds.[11]

■ The purpose and effect of a receiver's discharge and the receivership's termination is to release the receiver in his official capacity.[12] A discharged receiver's official liability ends when he has delivered assets or property in his possession pursuant to a court order. *This legal result follows from the notion that the court has deprived the receiver of the means to satisfy and discharge any judgment that might be rendered against him qua receiver.*[13] In short, the discharge order operates as a bar to any liability claims pressed against the receiver in his official capacity.

■ Much like any other judgment or order, receivership proceedings may be reopened and a discharge order vacated, *inter alia*, on § 1031(Third) grounds[14] of irregularity in obtaining the decision.[15] There is no evidentiary material in this record showing that the receivership had been or ever was sought to be reopened by process initiated in the foreclosure suit, the very case in which it was instituted. Absent an order reinstating the receivership or holding the discharge and termination

facially void, the trial court was left here with no choice but to exonerate Trison *qua* receiver on the principle that upon *the receiver's facially regular discharge and the receivership's facially regular termination, a receiver is not liable in his official capacity.*

### III

### THE ORDER DISCHARGING THE RECEIVER AND TERMINATING THE RECEIVERSHIP IS NOT VULNERABLE TO COLLATERAL ATTACK FOR LACK OF NOTICE

■ This tort case comes postured as a *collateral attack* on the receiver's prior discharge order entered in another proceeding—the foreclosure action. The tort plaintiff seeks to avoid the legal effect of this order by *asserting that it is void on the face of the proceedings for lack of advance notice to him.* A decision is facially invalid if, on an inspection of the record proper, it is apparent that one or more of the requisite jurisdictional elements—the subject matter or *in personam* cognizance or the court's power to render a particular decision—is shown to have been absent.[16]

---

11. In *McNulta v. Lochridge,* 141 U.S. 327, 12 S.Ct. 11, 35 L.Ed. 796 (1891), the Court said "[a]ctions against the receiver are in law actions against the receivership, or the funds in the hands of the receiver, and his contracts, misfeasances, negligences and liabilities are official and not personal, and judgments against him as receiver are payable only from the funds in his hands." *Id.* 141 U.S. at 332, 12 S.Ct. at 13.

12. *McNulta v. Lochridge, supra* note 11; *Hanlon v. Smith,* 175 Fed. 192, 197 (N.D.Iowa 1909); *Peters v. Plains Petroleum Co.,* 43 F.2d 49, 50 (10th Cir.1930); 3 Clark, *supra* note 9, § 696 at 1281.

13. *Hanlon v. Smith, supra* note 12; *Smith v. Jones Lumber & Mercantile Co.,* 200 Fed. 647, 650 (D.Ct.W.D.Wis.1912); 2 Clark, *supra* note 9, § 422 at 708; 3 Clark, *supra* note 9, § 92.1(b) at 1276; *Best & Russell Cigar Co. v. William Reese Co.,* 210 S.W. 317, 318 (Tex.Civ.App.1919).

14. The terms of 12 O.S.1991 § 1031 provide:

"The district court shall have power to vacate or modify its own judgments or orders within the times prescribed hereafter:

    \*    \*    \*    \*    \*    \*

Third. For mistake, neglect or omission of the clerk *or irregularity in obtaining a judgment or order.* \* \* \*" (Emphasis added.)
The pertinent terms of 12 O.S.1991 § 1038 are: "\* \* \* Proceedings [to vacate or modify a judgment or order] for the causes mentioned in paragraphs 3 and 6 of Section 1031 of this title, shall be [commenced] within three (3) years.... A void judgment may be vacated at any time, on motion of a party, or any person affected thereby."

15. We need not, and do not, address here generally the issue whether an unknown or unascertainable tort plaintiff who had no personal notice of the receivership's termination is in a class of persons entitled to reopen the receivership proceedings. *See in this connection Tulsa Professional Collection Services v. Pope,* 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988); *Matter of Estate of Pope,* Okl., 808 P.2d 640 (1991).

16. *Heiman v. Atlantic Richfield Co.,* Okl., 807 P.2d 257, 260 n. 11 (1991); *Capitol Federal Savings Bank v. Bewley,* Okl., 795 P.2d 1051, 1054 (1990); *Hough v. Hough,* Okl., 772 P.2d 920, 921

A facially void judgment may be attacked at any time; it may be vacated in the very same case in which it was entered or in some collateral proceeding.[17] *A judgment or order is not facially invalid if evidence extrinsic to the proceedings is necessary to show a jurisdictional infirmity that makes the decision fatally defective.*[18]

Whether a tort claimant against the receiver may be entitled to notice of discharge proceedings depends on the circumstances surrounding the claim and on whether lack of notice would have an adverse effect on his interest.[19] When significant property interests are *adversely affected or likely to be affected,* notice is one's constitutional due. The likelihood of adverse consequences from lack of notice must be shown on the face of the proceedings in order to render a judicial act facially invalid.[20] Notice is a jurisdictional requirement as well as a fundamental element of due process.[21] Due process is violated when judicial power is exercised upon process not reasonably calculated to apprise interested parties of the pendency of an action,[22] and lack of notice constitutes a jurisdictional infirmity.[23]

■ When an interested party is known or ascertainable from the face of receivership proceedings, lack of notice to that party would facially invalidate a receiver's discharge. From an examination of the receivership proceedings included in this record,[24] we cannot conclude from a four-corners' examination that the tort plaintiff was entitled to notice. His name does not appear anywhere in the four corners of the receivership proceedings. An

(1989); *Mayhue v. Mayhue,* Okl., 706 P.2d 890, 893 n. 8 (1985); *Scoufos v. Fuller,* Okl., 280 P.2d 720, 723 (1955); *State ex rel Commissioners of Land Office v. Keller,* Okl., 264 P.2d 742, 747–748 (1953).

**17.** 12 O.S.1991 § 1038, *supra* note 14; *Hough v. Hough, supra* note 16.

**18.** *Scoufos v. Fuller, supra* note 16 at 725; *Hough v. Hough, supra* note 16 at 921; *Capitol Federal Savings Bank v. Bewley, supra* note 16 at 1054. If extrinsic evidence is necessary to show a judgment's invalidity, a motion to vacate must be presented *within three years* after entry of the decision. 12 O.S.1991 § 1038, *supra* note 14.

**19.** *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

**20.** For some examples of persons who fall within a class *per se* entitled to notice of proceedings because they may be adversely affected in their property interests, *see* (1) *Tulsa Professional Collection Services v. Pope, supra* note 15, 485 U.S. at 490–491, 108 S.Ct. at 1348; *Matter of Estate of Pope, supra* note 15 (a creditor's claim in a probate matter is a property interest protectible by the Due Process Clause); (2) *Mullane v. Central Hanover Bank & Trust Co., supra* note 19, (known trust beneficiaries are entitled to notice of an action that settles their rights against the plaintiff trustee); (3) *Harry R. Carlile Trust v. Cotton Petroleum,* Okl., 732 P.2d 438, 443 (1986) (mineral interest owners are constitutionally entitled to notice when the formation of a drilling and spacing unit is sought); (4) *Cate v. Archon Oil Co., Inc.,* Okl., 695 P.2d 1352 (1985) (owner of oil and gas lease is entitled to notice before the property can be sold at a sheriff's sale); (5)

*Prickett v. Moore,* Okl., 684 P.2d 1191, 1193–1194 (1984) (a *sui juris* joint tenant is entitled to notice in a guardianship proceeding of an incompetent joint tenant's motion to partition the joint tenant estate).

**21.** *Cate v. Archon Oil Co., Inc., supra* note 20 at 1356; *Jackson v. Ind. School Dist. No. 16 of Payne Co.,* Okl., 648 P.2d 26, 30 (1982).

**22.** *Boddie v. Connecticut,* 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971); *Bomford v. Socony Mobil Oil Co.,* Okl., 440 P.2d 713, 718 (1968); *Cate v. Archon Oil Co., Inc., supra* note 20, at 1356, n. 11.

**23.** For cases in which a decision was deemed vulnerable to a collateral attack because notice was not given to persons who, from the face of the proceedings, appeared to be adversely affected parties, *see Prickett v. Moore, supra* note 20 at 1193–1194 (in an appeal by a *sui juris* joint tenant from a partition decree with severance of the joint tenancy estate, we held that an order in guardianship authorizing partition of an incompetent ward's joint tenancy estate was facially void for lack of notice to the *sui juris* joint tenant); *Harry R. Carlile Trust v. Cotton Petroleum, supra* note 20 at 441–442 (in a quiet title suit, a corporation commission spacing order was successfully attacked as facially invalid by mineral interest owners who had been served solely by publication notice in the Corporation Commission spacing proceedings).

**24.** For the only paperwork available for our review from the receivership proceedings (which was appended to the summary judgment motion and response), *see supra* note 7 and the accompanying text.

unknown or unascertainable tort claimant with a mere contingent interest—i.e., a chose in action [25]—does not fall into a class which by law is *per se* entitled to notice. A tort plaintiff is not always adversely affected by a receiver's discharge. He has the burden to show by more than a "lawyer's argument" [26] that under the facts lack of notice makes the receiver's discharge order fatally defective.

The validity of the receiver's discharge was not properly litigable in this tort case. The face of the receivership proceedings does not make it apparent that the receiver's discharge is facially void as to Norman. *We hence hold that because Norman, the tort plaintiff, was an utter stranger to the receivership proceedings—neither a party nor a person whose identity and claim are apparent from its face—lack of notice upon him did not render the discharge and termination order facially infirm.*

■ *We do not hold* today that Norman lacks standing to invoke the § 1031 vacation remedy,[27] *nor do we declare* that he is without tenable legal grounds for § 1031 relief. Our decision pronounces *only* that Norman's *collateral attack* pressed upon the receiver's discharge order in the tort case *is impermissible and must fail. This is so* because, as to him, *that order is not facially void.* A *direct attack* to be launched in the foreclosure action was Norman's proper avenue of relief. *He should have sought a stay of the tort action pending his completion of a § 1031 vacation quest, the latter to be pressed in the foreclosure suit.* The Court of Appeals was hence *in error* when it concluded that the receiver's discharge order, though without notice to Norman, is *facially void* at his instance. Evidence extrinsic to the record proper is clearly necessary to estab-

lish that order's fatal jurisdictional infirmity vis-a-vis Norman's tort claim interest.

Certiorari previously granted; the opinion of the Court of Appeals is vacated; the trial court's summary judgment is affirmed.

LAVENDER, SIMMS, ALMA WILSON and SUMMERS, JJ., concur;

KAUGER, J., concurs in result;

HODGES, V.C.J., and HARGRAVE, J., dissent.

---

**25.** The tort claimant's interest here is the right to recover money, a *chose in action,* which under Oklahoma law is considered *intangible personal property. Shebester v. Triple Crown Insurers,* Okl., 826 P.2d 603, 608 n. 16 (1992); *Perkins v. Oklahoma Tax Commission,* Okl., 428 P.2d 328 (1967) (syllabus 1). The terms of 60 O.S. 1991 § 312 provide: "A thing in action is a right to recover money or other personal property, by judicial proceedings."

**26.** By a "lawyer's argument" is meant an unsworn in-court statement of a forensic advocate. It does not rise to evidence or to a stipulated fact. *State ex rel. Oklahoma Bar Ass'n v. Lacoste,* Okl., 813 P.2d 501, 506 (1991).

**27.** For the pertinent text of 12 O.S.1991 § 1031, *see supra* note 14.