**STATE of Missouri, Respondent,**

v.

**Richard MERRILL, Appellant.**

**No. 61053.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 26, 1993.

---

Elizabeth Haines, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Presiding Judge.

Defendant, Ricardo Merrill, appeals from a jury conviction of possession of cocaine in violation of § 195.202 RSMo (Supp.1990). Defendant was fined $4,000. We affirm.

■ Since defendant challenges the sufficiency of the evidence, we consider the facts and all reasonable inferences therefrom in the light most favorable to the verdict, rejecting all contrary evidence and inferences. *State v. Johnson*, 811 S.W.2d 411, 412 (Mo.App.1991).

Viewed in this light, the evidence at trial established the following facts. On November 5, 1990, a confidential informant revealed to detectives Gilmore and Upchurch of the St. Louis City Police Department that he had purchased a small amount of cocaine from a man named "Rick" at 5896 Cabanne, Apartment 1 South.[1] The informant described "Rick" as a black male with a medium build and medium complexion, approximately 5'9" to 5'11" and wearing a "box-style" haircut. The same day, the officers went to the address given by the informant. On three occasions, they observed individuals enter through the front common door, go to the first floor south apartment, stay for a period of three to five minutes, and leave on foot.

On November 6, 1990, the officers obtained a warrant to search the apartment. They conducted a second surveillance two days later, but did not execute the warrant because they saw no suspect activity. On November 9, the informant advised Gilmore that "Rick" was at the apartment and was driving a 1978 or 1979 brown Buick Skylark. Gilmore and Upchurch returned to the apartment and observed a man, later identified as defendant, matching the description given by the informant. The officers observed defendant exit the apartment's rear door, enter a 1978 or 1979 brown Buick Skylark, and drive north on Hamilton.

The officers stopped the vehicle, and Gilmore approached defendant. Gilmore identified himself as a police officer and asked defendant his name; defendant answered, "Rick." Gilmore showed defendant a copy of the search warrant and advised him the officers were conducting a narcotics investigation at 5896 Cabanne. Gilmore asked defendant if he would mind accompanying the officers back to that location. Defendant said, "Yes, I have no problem with that."

The officers and defendant went to 5896 Cabanne, and defendant knocked on the door of Apartment 1 South. Defendant's stepsister, Eva Brown, answered the door. Gilmore told Brown he was a St. Louis City narcotics detective and asked her if she knew defendant. Brown said defendant was her brother.[2] When Gilmore asked if defendant lived at the apartment, Brown stated that he did; further, Brown told the officers defendant slept in the rear bedroom along with her small son. Gilmore testified that at the time Brown made the statements, defendant became upset, shrugged his shoulders, and asked Brown, "Why are you doing this to me?"

Upon searching the rear bedroom, the officers recovered from under the mattress a clear plastic bag containing sixteen plastic bags of cocaine, a smaller bag containing a "rock" of crack cocaine, and $1,070 in cash. Gilmore seized the drugs and showed them to Brown, who stated she had never seen them before. In addition to the drugs and cash, the officers recovered a weighing scale, a Sony camcorder, and a small bag containing several pieces of paper commonly used for packaging drugs. During the search of the room, Gilmore noticed some children's clothing and several items of men's clothing, including jumpsuits, jogging suits, and tennis shoes that an older adult man might wear. The clothing was consistent with defendant's build. No other adult male lived in the apartment, and no adult male clothing was found in any other room.

In the presence of defendant and the officers, Brown gave the following hand-

---

1. The trial court instructed the jury that the statements of the informant were to explain the officers' conduct and were not to be considered as true.

2. The trial court gave the jury a limiting instruction that Brown's statements were not to be considered for their truth, but only for the fact that they were made in defendant's presence and for the purpose of considering defendant's reaction thereto.

written statement: "Ricardo Merrill lives at 5896 Cabanne, Apartment 1 South with me. Ricardo sleeps in the rear south bedroom. He sleeps on the bed on the south end of the bedroom. Ricardo has lived here for two months." Immediately after Brown signed the statement, defendant was upset, but said nothing.

Gilmore placed defendant under arrest, read him his *Miranda*[3] rights, and conducted a search incident to the arrest. A beeper was seized from defendant's waistband, and he was transported to the police station. Defendant was again read his *Miranda* rights. During questioning at the station, Gilmore asked defendant where he got the money and to whom it belonged. Defendant replied, "Hey, man, I only sell a little crack and I don't know whose powder that is." During booking, Upchurch asked defendant, "What's the address where you live?" Defendant gave the address of 5896 Cabanne.

At trial, defendant testified he lived at 5265 Page with his mother at the time of his arrest. He further testified he had visited the apartment at 5896 Cabanne because his stepsister lived there and because he had a friend who lived next door to her. Defendant denied possession of the cocaine seized.

In his sole point on appeal, defendant asserts the trial court erred by denying his motion for judgment of acquittal at the close of the evidence and by entering judgment of guilty of possession of cocaine, because the state failed to present sufficient evidence of an essential element of the offense charged, namely, defendant's constructive possession of the controlled substance. Defendant contends the alleged hearsay statements of the apartment's principal resident, Eva Brown, were the only evidence that could convince a rational trier of fact he was in possession of the cocaine. Defendant contends, however, that the testimony regarding the statements was improperly admitted, because the evidence did not meet the requirements of the "tacit admission" rule.

Three requirements must be satisfied before evidence of a defendant's failure to deny incriminating statements made in his or her presence is admissible as a "tacit admission": (1) the accusatory statement must be made in the presence and hearing of the accused; (2) the statement must be sufficiently direct as naturally would call for a reply; and (3) the statement must not have been made at a judicial proceeding or while the accused was in custody or under arrest. *State v. Valentine*, 646 S.W.2d 729, 731 (Mo.1983) (*citing State v. Samuel*, 521 S.W.2d 374, 375 (Mo. banc 1975)). Defendant concedes the state presented evidence to satisfy the first condition, but argues the second and third requirements were not met.

First, defendant contends Brown's statements were not sufficiently direct as naturally would call for a reply, since they were made before the search had been conducted and any drugs had been found. However, when Brown stated defendant lived at the apartment and slept in the rear bedroom, both she and defendant had been informed that the officers had a search warrant for the apartment and were conducting an investigation for drugs at that address. Under those circumstances, we find Brown's statements sufficiently direct as naturally would call for a reply.

Next, defendant contends the third condition of the tacit admission rule was not met, because police had focused their inquiry on him at the time of Brown's statements, and he was therefore "in custody" for purposes of the rule.

In arguing he was in police custody at the time of Brown's statements, defendant relies solely on *State v. Rogers*, 573 S.W.2d 710 (Mo.App.1978). In that case, our western district found no error in the admission of evidence concerning a defendant's failure to reply to a third party's incriminating statement, where there was no competent evidence that the defendant was the focus of police suspicion at the time of the statement calling for her reply. *Id.* at 719.

3. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

■ We do not read *Rogers* to mean that evidence of police suspicion focused on a defendant, without more, establishes the accused was "in custody" for purposes of the tacit admission rule; rather, we view the focus of suspicion as one factor relevant to the determination. In addition to the "focus" analysis, the *Rogers* court relied on the absence of any inference of restraint, actual or tacit, on the defendant's movements. *Id.* Here, defendant voluntarily accompanied the officers to the apartment he later gave as his own address. At the time of Brown's statements, there had been no formal arrest and defendant was not handcuffed or otherwise restrained in any way. There is no suggestion of coercion. Under these circumstances, we reject defendant's argument that he was in custody at the time of the statements. The evidence was admissible as a tacit admission.

■ We turn to defendant's contention that the evidence was insufficient to sustain his conviction. In reviewing the sufficiency of the evidence, our function is not to weigh the evidence, but only to determine whether there is sufficient evidence from which reasonable persons could find defendant guilty. *Johnson*, 811 S.W.2d at 413. Although we have determined the testimony concerning Brown's statements was admissible, we further find that sufficient other evidence in the record supports defendant's conviction.

■ To sustain a conviction for possession of a controlled substance, the state must prove defendant was aware of the substance's presence and character and was intentionally and consciously in possession of it. *State v. Mitchell*, 811 S.W.2d 809, 812 (Mo.App.1991). If actual, physical possession of the controlled substance is not established, as here, the state may prove constructive possession if other facts buttress an inference of defendant's knowledge and presence of the substance. *Id.*

■ Although exclusive control of the premises on which a controlled substance is found raises an inference of possession and control of that substance, constructive possession will suffice even where joint control exists so long as there is other evidence to connect defendant to the drugs. *Johnson*, 811 S.W.2d at 413–14. Further, defendant's knowledge of the presence, nature, and possession of the substance may be proven by circumstantial evidence. *State v. Dethrow*, 674 S.W.2d 546, 550 (Mo.App. 1984). Independent factors sufficient to show possession may include evidence of defendant's conduct and mannerisms, including any declarations, admissions, and contradictory statements and explanations, as well as access to the area where the contraband was found. *Id.*

The state contends there was sufficient additional evidence to connect defendant to the drugs, and, therefore, sufficient evidence to prove he was in constructive possession of the cocaine. We agree.

When defendant was booked on this charge, he gave the address of the apartment where the cocaine was seized as the address where he lived. Defendant was seen leaving the apartment shortly before the cocaine was discovered. Further, defendant testified he was at the apartment approximately twice a week and admitted he sold "a little crack." Men's clothing matching defendant's build was found in the rear bedroom where the cocaine was found. No other adult male lived in the apartment, and no other men's clothing was found in any other room. We find sufficient evidence to support a finding that defendant was in constructive possession of the cocaine.

The judgment of the trial court is affirmed.

CRIST and REINHARD, JJ., concur.