**STATE of Missouri, Respondent,**

v.

**James GREER, Appellant.**

**James GREER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 65483, 68047.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 19, 1996.

---

David Simpson, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Joanne E. Joiner, Assistant Attorney General, Jefferson City, for respondent.

KAROHL, Judge.

James Greer appeals a conviction for possession of a controlled substance, cocaine, in violation of § 195.202 RSMo Cum.Supp.1991. He was sentenced to twenty years imprisonment as a prior and persistent offender. He also appeals a denial of his Rule 29.15 motion for post conviction relief after an evidentiary hearing. We affirm both judgments.

On August 21, 1992, the police obtained a search warrant based on information from a confidential informant. They were informed Greer was selling rock cocaine at 636 Norton Avenue in St. Louis County.

The search warrant was executed on August 25, 1992. Police officers forcibly entered into the residence and announced "County police search warrant." Several officers proceeded through the living room, down a hallway, and toward the bathroom where they found the door ajar and heard running water. Before entering the bathroom, one of the officers announced, "we're police". A man (Greer) responded he was in the bathroom. The officers opened the door and saw Greer standing in the center of the narrow bathroom between the sink and the bathtub with the sink water running. The officers immediately removed Greer from the bathroom and placed him under arrest. The officers disassembled the sink pipes. They found and seized two rocks of crack cocaine. Laboratory testing confirmed the rocks contained .31 grams of cocaine.

Three officers and a forensic scientist testified for the state. Greer did not testify or present evidence.

Greer raises two points on direct appeal. First, he challenges the sufficiency of evidence with regard to his conviction for possession of a controlled substance.

We review all evidence and inferences in favor of the state and disregard evidence and inferences to the contrary. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). Appellate review of sufficiency of the evidence is limited to whether a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Id.*

To sustain a conviction for possession of a controlled substance, the state must prove: (1) defendant was aware of the presence and character of the substance; and (2) he was intentionally and consciously in possession of it. *State v. Merrill*, 846 S.W.2d 225, 229 (Mo.App.E.D.1993). If actual possession is not established, then constructive possession may be shown when other facts buttress an inference of defendant's knowledge of the presence of the controlled substance. *Id.* Defendant's knowledge of the presence, nature, and possession of the substance may be proven by circumstantial evidence. *Id.* Circumstantial evidence sufficient to connect defendant to the cocaine include: routine access to the area where the illegal drugs are found; large quantities of the substance at the place of defendant's arrest; and conduct and statements made by defendant. *State v. Thomas*, 737 S.W.2d 247, 249–250 (Mo.App.1987).

When the police entered the bathroom, Greer was standing facing the door, near a sink with water running. He was alone. One of the officers testified Greer's shirt and pants did not look "undone." Greer was not in the process of washing his hands. The sink did not contain traps in the sink pipes to keep items from going down and clogging the pipe area. None of the officers saw Greer put anything down the sink drain. However, one of the officers testified, based on his experience and observations, that he has entered bathrooms and found individuals destroying controlled substances in both the sink and toilet.

A forensic scientist at the police crime laboratory testified crack cocaine dissolves if placed in water. He also testified the illegal substance would dissolve faster with propulsion from water. This evidence supported an inference the cocaine was recently placed in the sink pipes.

Greer's conduct links him to the cocaine: he was in close proximity to the cocaine; he was alone when the police discovered him; the door was not closed; the sink water was running; and the rock cocaine had not dis-

solved in the sink pipes. This circumstantial evidence supports an inference Greer had knowledge of the presence and nature of the substance and he was intentionally trying to destroy it by flushing it down the sink. The evidence was sufficient for a reasonable juror to find Greer guilty of constructive possession of a controlled substance. Point denied.

■ Second, Greer contends the trial court erred in denying his motion to disclose the identity of the confidential informant. He argues the informant's testimony is relevant and crucial to his defense.

■ The trial court has the sound discretion to determine whether a defendant can have a fair trial without disclosure of the identity of the informant. *State v. Hill,* 890 S.W.2d 750, 753 (Mo.App.W.D.1995). It must balance the relevance of the disclosure and importance to the defense with the state's need for nondisclosure. *Id.* The defendant bears the burden of demonstrating a need for disclosure. *Id.*

■ Generally, communications by an informant to a government officer are privileged and need not be disclosed. *State v. Payne,* 660 S.W.2d 24, 25 (Mo.App.1983). However, there are three exceptions where disclosure is essential to enable a defendant to establish a defense: (1) the identity of the defendant or defendant's package is an issue; (2) entrapment; and (3) defendant's lack of knowledge of the contents of a package. *State v. Hall,* 761 S.W.2d 691, 693 (Mo.App. 1988).

Here, none of the exceptions apply. Nor would the disclosure of the confidential informant help Greer's defense. Although the informant participated in a controlled buy from Greer prior to the police obtaining a search warrant, this evidence was not presented. Nor was the informant a participant or a witness to the present offense for which Greer was convicted.

Furthermore, the state has a legitimate interest in preserving the relationship between the confidential informant and its government officers for future investigations and insuring reliability of the promise of confi-

dentiality to other informants. *Hall,* 761 S.W.2d at 694. The confidential informant had provided police with accurate information five or six times. The informant provided information to the drug unit for two years. The legality of the search warrant was not at issue. The trial court did not abuse its discretion in denying Greer's motion to disclose the identity of the confidential informant because the testimony of the informant was not relevant or crucial to his defense. Point denied.

■ Greer appeals one point regarding post conviction relief. He alleges his trial attorney was ineffective because he failed to call James Greer, Sr. and Sibyl Ennis as witnesses. He claims both witnesses would have testified that Greer did not reside at 636 Norton.

We review a motion court's denial for post conviction relief under Rule 29.15(j); *State v. Starks,* 856 S.W.2d 334, 336 (Mo. banc 1993). *State v. Pendleton,* 860 S.W.2d 807, 811 (Mo. App.E.D.1993).

At the evidentiary hearing, Greer, James Greer, Sr. (Greer's father), Sibyl Ennis and defense counsel testified.[1] Defense counsel testified he met with Greer five to ten times before trial. He testified he received a list of witness and discussed it with Greer. Generally, in preparing for a case, defense counsel indicated he would discuss among other things, any potential witnesses, alibis and conduct an investigation based on his discussions.

Sibyl Ennis, Greer's girlfriend, testified she resided at 636 Norton. She testified Greer would occasionally visit her, however, he lived at 641 Norton with his parents. She testified that on the day of the offense, Greer was in her house checking on her children. Defense counsel testified he recalled Ennis' name being brought up in discussions, but he did not remember whether Greer wanted him to call her as a witness.

Likewise, defense counsel did not recall Greer mentioning he wanted his father, James Greer, Sr. called as a witness. James

---

1. Sibyl Ennis testified by telephonic deposition.

Greer, Sr. testified his son lived with him at 641 Norton.

The testimony of both these witnesses would not have provided a viable defense where the legality of the search warrant was not at issue. The evidence adduced at trial showed Greer was in constructive possession of a controlled substance. His status as the resident of or a visitor at the residence was not an element of the charged crime. Defense counsel is not ineffective for failing to call the two witnesses. Their testimony would not have changed the outcome of the trial. Point denied.

We affirm.

REINHARD, P.J., and CRANDALL, J., concur.