2000 OK 52

Michael FARRIMOND,
Plaintiff–Appellee,

v.

STATE of Oklahoma, ex rel., Carroll
FISHER, Insurance Commissioner,
Defendant–Appellant,

v.

Carroll Fisher, Receiver of Mid–Con-
tinent Life Insurance Company,
Intervenor–Appellee;

National Organization of Life and Health
Insurance Guaranty Associations, and
National Association of Insurance Com-
missioners, Amicus Curiae.

No. 93,564.

Supreme Court of Oklahoma.

June 27, 2000.

Neal Leader, Senior Assistant Attorney General, Oklahoma City, for Defendant–Appellant, State of Oklahoma ex rel. Carol Fisher, Insurance Commissioner.

John W. Norman, Emmanuel E. Edem, Alexander B. McNaughton, Thomas A. Wallace, John B. Norman, Charles F. Moser, Norman, Edem, McNaughton & Wallace, PLLC, Oklahoma City, and Stratton Taylor, Sean Burrage, Darrell W. Downs, Taylor, Burrage, Foster, Singal, Mallett & Downs, Claremore, for Plaintiff–Appellee.

Cheryl P. Hunter, James M. Reed, Pamela H. Goldberg, Hall, Estill, Hardwick, Gable, Golden & Nelson, Oklahoma City, for Intervenor–Appellee, Carroll Fisher, Receiver of Mid–Continent Life Insurance Company.

Noreen J. Parrett, Kendall W. Harrison, Christopher J. Wilcox, La Follette Godfrey & Kahn, Madison, WI, for Amicus Curiae, National Organization of Life and Health Insurance guaranty Associations.

Michael E. Surguine, National Association of Insurance Commissioners and Charles C. Green, McKinney & Stringer, Oklahoma City, for Amicus Curiae, National Association of Insurance Commissioners.

*OPINION*

WATT, Justice.

### FACTS AND PROCEDURAL BACKGROUND

¶ 1 On July 19 1999, Plaintiff, Michael Farrimond, brought a declaratory judgment action against the Insurance Commissioner, Carroll Fisher. Plaintiff sought an order declaring that the records of Mid–Continent Life Insurance Company, which had come into the Insurance Commissioner's hands as the result of a court order that had named him as Mid–Continent's receiver, were subject to public inspection under the Open Records Act, 51 O.S.1991 §§ 24A.1, et seq. The District Court of Oklahoma County, Hon. Noma Gurich, District Judge ordered a show cause hearing.

¶ 2 Plaintiff sued the Insurance Commissioner only as Insurance Commissioner and not as receiver for Mid–Continent. The Insurance Commissioner then filed a motion to intervene in his capacity as receiver.

¶ 3 The records sought by plaintiff had came into the possession of the Insurance Commissioner in his capacity as receiver of the estate of Mid–Continent as the result of an order entered in the receivership proceeding by the District Court of Oklahoma County on June 6, 1997.[1] The receivership court issued an order dated November 26, 1997, in which it ruled,

> If any legal action is commenced against the receiver, ... whether personally or in an official capacity, alleging property dam-

---

1. At the time the June 6, 1997 order was entered, the Insurance Commissioner was John P. Crawford. In 1998, Carroll Fisher defeated John P. Crawford for reelection and assumed the duties of Insurance Commissioner in January 1999.

age, property loss, personal injury or other civil liability caused by or resulting from any alleged act, error or omission of the receiver, ..., the receiver, ..., shall be indemnified from the assets of Mid–Continent Life Insurance Company to the extent provided for in Okla.Stat.Tit. 36 O.S. § 1397.

¶4 Title 36 O.S. Supp.1992 § 1397 provides that liability imposed on the Insurance Commissioner, his retained counsel, or his employees as a result as their service as receiver, or on the receiver's behalf, under the Oklahoma Uniform Insurers Liquidation Act, 36 O.S.1991 §§ 1901, et seq. shall be entitled to indemnification from any civil liability arising from their service.[2]

¶5 After the show cause hearing the trial court entered judgment for plaintiff for declaratory relief and injunctive relief on the ground that the Open Records Act applied to Mid–Continent's records in the hands of the Insurance Commissioner as receiver and ordered the Insurance Commissioner to make available to plaintiff Mid–Continent's records. The trial court also granted the Insurance Commissioner's motion to intervene as Mid–Continent's receiver and stayed enforcement of its judgment pending appeal. The Insurance Commissioner appealed.

**2.** Title 36 O.S. Supp.1992 § 1397 provides in material part as follows:

A. For the purposes of this section the persons entitled to protection under this section are:
1. The receiver, assistant receiver, and retained counsel responsible for the conduct of a delinquency proceeding under Article 19 of the Insurance Code, including present and former receivers; and
2. Their employees meaning all present and former assistant receivers and attorneys for the receiver appointed by the Insurance Commissioner and all persons whom the Commissioner, assistant receiver or retained counsel have employed to assist in a delinquency proceeding under Article 19 of the Insurance Code. Attorneys, accountants, auditors and other professional persons or firms, who are retained by the receiver as independent contractors and their employees shall not be considered employees of the receiver for purposes of this section.
B. *If any legal action is commenced against the receiver or any employee, whether against him personally or in his official capacity, alleging property damage, property loss, personal injury or other civil liability caused by or resulting from any alleged act, error or omission of the receiver or*

¶6 The Insurance Commissioner filed a motion requesting that this Court retain his appeal on the ground that the issue before the Court was one of first impression and concerned matters that would effect public policy and have widespread impact. In his response, plaintiff agreed. We granted the Insurance Commissioner's motion to retain on November 3, 2000.

## ISSUE

¶7 Are the records of Mid–Continent Life Insurance Company that are in the custody of the Insurance Commissioner as the result of Mid–Continent's receivership subject to public disclosure under the Open Records Act, 51 O.S. Supp.1997 §§ 24A.1, et seq.?

¶8 We answer the question no.

## DISCUSSION

¶9 This appeal turns on the interpretation of the definition of the word "record" as defined in 51 O.S. Supp.1998 § 24A.3 of the Open Records Act.[3] The purpose of the Act "is to ensure and facilitate the public's right of access to and review of *government records.*" [Emphasis added.] 51 O.S.1991 § 24A.2. Under § 24A.3(1), the Act applies

*any employee arising out of or by reason of their duties or employment, the receiver and any employee shall be indemnified from the assets of the insurer for all expenses, attorneys' fees, judgments, settlements, decrees or amounts due and owing or paid in satisfaction of or incurred in the defense of such legal action ...*
[Emphasis added.]

**3.** Title 51 O.S. Supp.1998 § 24A.3 provides in material part as follows:

Definitions. As used in this act:
1. "Record" means all documents, including, but not limited to, any book, paper, photograph, microfilm, data files created by or used with computer software, computer tape, disk, and record, sound recording, film recording, video record or other material regardless of physical form or characteristic, created by, received by, under the authority of, or coming into the custody, control or possession of public officials, public bodies, or their representatives *in connection with the transaction of public business, the expenditure of public funds or the administering of public property....*
...
[Emphasis added.]

only to records. "... created by, received by, under the authority of, or coming into the custody, control or possession of public officials, public bodies, or their representatives *in connection with the transaction of public business, the expenditure of public funds or the administering of public property.*" [Emphasis added.]

¶ 10  We must today decide whether the records of Mid–Continent, which came into the Insurance Commissioner's possession only as the result of a court order in a receivership action, are "government records" within the meaning of the Act, 51 O.S.1991 § 24A.2.  For the reasons set forth in the balance of this opinion, we hold that the records of Mid–Continent in the hands of the Insurance Commissioner as Mid–Continent's receiver are not "government records" within the meaning of the Open Records Act.

¶ 11  Plaintiff contends that Mid–Continent's records should be held to be subject to the Open Records Act because of questions that he has raised about the propriety of the current Insurance Commissioner's handling of the Mid–Continent receivership since replacing his predecessor.  Plaintiff also argues that there is no exception in the Open Records Act that would exclude the Mid–Continent records from disclosure under the Act's terms.  We disagree.

¶ 12  The language of the Open Records Act limits the application of the Act to "government records" and the records of Mid–Continent do not fit the statutory definition of "record" contained in 51 O.S. Supp.1998 § 24A.3(1).  The Mid–Continent records at issue here did not come "... into the custody, control or possession of the public officials ... in connection with the transaction of public business, the expenditure of public funds or the administering of public property," as required by § 24A.3(1).

¶ 13  The Insurance Commissioner was appointed Mid–Continent's receiver under the terms of the Oklahoma Uniform Insurer's Liquidation Act, 36 O.S.1991 §§ 1901, et seq.  Section 1914 of that Act provides:

A.  Whenever under this article a receiver is to be appointed in delinquency proceedings for a domestic or alien insurer, *the court shall appoint the Insurance Commissioner as such receiver.*  The court shall order the Insurance Commissioner forthwith to take possession of the assets of the insurer and to administer the same under the orders of the court.

B.  As domiciliary receiver, the Insurance Commissioner shall be vested by operation of law with the title to all of the property, contracts, and rights of action and all of the books and records *of the insurer,* wherever located, as of the date of entry of the order directing him to rehabilitate or liquidate a domestic insurer or to liquidate the United States branch of an alien insurer domiciled in this state, and he shall have the right to recover the same and reduce the same to possession;  except that ancillary receivers in reciprocal states shall have, as to assets located in their respective states, the rights and powers which are herein prescribed for ancillary receivers appointed in this state as to assets located in this state.

[Emphasis added.]

¶ 14  Title 36 O.S.1991 § 1914 provides that the Insurance Commissioner may become an insurer's receiver and be vested with title to the insurer's property only by court order.  Oklahoma law makes clear that in a receivership the court takes possession of the assets of the entity placed in receivership.  In *Norman v. Trison Development Corp.,* 1992 OK 67 ¶ 7, 832 P.2d 6, we held,

When property or a business is placed in receivership, *the court takes possession of the assets through its court-appointed receiver.*  A receiver is an officer of the court who holds property and funds coming into his hands by the same right and title as the person for whose title he is the receiver....

[Emphasis added.]

¶ 15  The teaching of *Norman* is that receivership property is in possession of the court, the receiver is the representative of the court, and the right of the receiver to receivership property is derived from the entity which has been placed in receivership.  Under these circumstances the argument that Mid–Continent's business records be-

came "public records" when the district court appointed the Insurance Commissioner as Mid–Continent's receiver is unconvincing.[4]

¶ 16 The Kentucky Court of Appeals reached the same conclusion we have reached here in *Kentucky Cent. Life Insurance Company, By and Through Stephens v. Park Broadcasting of Kentucky, Inc.*, 913 S.W.2d 330 (Ky.App.1996). There, the court held that the fact that possession by the Insurance Commissioner of records of the insurer who was in receivership did not convert the insurer's records into public records, subject to disclosure under the Open Records Act. The court said,

> . . . Clearly the rehabilitator is performing a traditionally non-governmental function, the primary purpose of which is to protect insureds and creditors. Kentucky Central remained financially responsible for all aspects of the rehabilitation process . . . .
>
> Clearly, the rehabilitator was not functioning as a unit of government in his endeavors to rehabilitate Kentucky Central. Instead, he was the functional equivalent of a receiver of a private company in liquidation and reorganization charged with administering the company's affairs . . . .

¶ 17 *Kentucky Central*, 913 S.W.2d at 334. Finally, the court held,

> We conclude the "records" at issue are the private records of Kentucky Central. We have no doubt that the legislature did not intend to convert companies such as Kentucky Central into public agencies through the Rehabilitation Act. Subjecting Kentucky Central's records to the broad disclosure contemplated under the Open Records Act would completely frustrate the purpose and intent of the law. The records that were made by, or generated for, Stephens' use in his capacity as rehabilitator are within the exclusive jurisdiction of the court and are not "public

records" subject to the Open Records Act. . . .

¶ 18 *Kentucky Central*, 913 S.W.2d at 335–36. We approve of and adopt the reasoning of the court in *Kentucky Central*.

¶ 19 Plaintiff seeks to distinguish *Kentucky Central* on the ground that the Kentucky Court of Appeals relied on the fact that the Kentucky legislature differentiated between the terms "rehabilitator" and "commissioner" in its version of the Uniform Insurers Liquidation Act but the Oklahoma version of the Act makes no such distinction. We find this difference in the language of the two versions of the act to be immaterial to our analysis.

¶ 20 Although no clear distinction is made in the Oklahoma version of the Act between the Insurance Commissioner's public duties and his duties as receiver, 36 O.S. 1991 § 1902(A) nevertheless vests "exclusive original jurisdiction of delinquency proceedings" in the district court. Title 36 O.S.1991 § 1914(A) directs that when a receiver is to be appointed, "the court shall appoint the Insurance Commissioner" and the Insurance Commissioner shall take possession of the insurer's assets and "administer the same under the orders of the court." In delinquency proceedings under the Act, then, the Insurance Commissioner administers not public property but the property of the failed insurer and he does so under the direction of the district court. Further, the Act provides that any damages accruing from the conduct of the Insurance Commissioner as receiver or any of the receiver's employees must be paid "from the assets of the insurer." 36 O.S. Supp.1991 § 1397(B).

¶ 21 The liberal discovery rules created by the Discovery Code, 12 O.S.1991 §§ 3324, et seq., are available to any present party to the receivership action or to any other person or entity who can establish standing to intervene in it. Section 3226(C) of the Discovery Code vests the court with discretion to enter appropriate protective orders to pro-

---

4. Although the issue here is not tort liability of a receiver, the law of judicial immunity is instructive. Immunity is based upon a person's status, as, for example, a judicial officer, legislator, prosecutor, or witness in a judicial proceeding. *North Side State Bank v. Board of County Com'rs*

*of Tulsa County*, 1994 OK 34 ¶ 15, 894 P.2d 1046. Here the receiver acts as a functionary of the court rather than as a state official.. The receiver is performing a judicial act. *Capitol Terrace, Inc. v. Shannon & Luchs, Inc.*, 564 A.2d 49, 51, (D.C.App.1989)

tect the confidentiality of discovered information in appropriate circumstances. By contrast, there is no mechanism in the Open Records Act as flexible as that which exists in the Discovery Code for the protection of sensitive information.

¶ 22 Our conclusion that the Open Records Act is not available to plaintiff here is not oppressive because much, if not all, of the information sought by plaintiff here might be discoverable in the receivership action. More importantly, sensitive information could be protected from public disclosure. In this connection, we note that the receivership court entered a protective order on July 31, 1998, which prohibited the disclosure of certain life insurance policy information without further order of the court. Thus, a ruling from this Court that the Open Records Act applies here would necessarily require the exposure to public scrutiny, without further review, records covered by the receivership court's protective order holding that certain receivership records should not be subject to public scrutiny until further order of that court. This we decline to do.

¶ 23 JUDGMENT OF THE DISTRICT COURT REVERSED; CAUSE REMANDED WITH INSTRUCTIONS TO GRANT DEFENDANT–APPELLANT'S MOTION TO DISMISS

¶ 24 HARGRAVE, V.C.J., and HODGES, OPALA, KAUGER, BOUDREAU, and WINCHESTER, JJ., concur.

¶ 25 SUMMERS, C.J., concurs in result.

¶ 26 LAVENDER, J., not participating.